# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON EDGARDO SIGUENZA,<br>CDCR #F-66457,<br><br>                              Plaintiff,<br><br>vs.<br><br><br>MINERVA COTERO; Law Library LTA;<br>VARIZ, Supervisor/Principal Law Library;<br><br>                              Defendants. | Civil No.    11cv1241 BEN (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO PARTIAL FILING FEE, GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [ECF No. 2];**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) &  28 U.S.C. § 1915(d)** |

   Marlon Edgardo Siguenza ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison, and proceeding pro se, has submitted a civil action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2]

**I.    MOTION TO PROCEED IFP [ECF NO. 2]**

   All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

1  only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*
2  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to
3  proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their
4  action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

5       The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.
6  § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to
7  28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that
8  he has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4).
9  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no
10 initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the
11 filing fee mandated shall be collected and forwarded to the Clerk of the Court pursuant to the
12 installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

13 **II.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

14      Notwithstanding IFP status or the payment of any partial filing fee, the Court must subject
15 each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order
16 the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon
17 which relief may be granted, or seeking monetary relief from a defendant immune from such
18 relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en
19 banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte
20 dismiss an *in forma pauperis* complaint that fails to state a claim).

21      "[W]hen determining whether a complaint states a claim, a court must accept as true all
22 allegations of material fact and must construe those facts in the light most favorable to the
23 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty
24 to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839
25 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v.*
26 *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

27 / / /

28 / / /

Here, the Court finds Plaintiff's Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

### III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. The Clerk shall issue a summons as to Plaintiff's Complaint [ECF No. 1] upon the Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons for purposes of serving the Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285. All costs of service shall be advanced by the United States.

1  *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

2      5.    Plaintiff shall serve upon the Defendants or, if appearance has been entered by
3  counsel, upon Defendants' counsel, a copy of every further pleading or other document
4  submitted for consideration of the Court. Plaintiff shall include with the original paper to be
5  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy
6  of any document was served on the Defendants, or counsel for Defendants, and the date of
7  service. Any paper received by the Court which has not been filed with the Clerk or which fails
8  to include a Certificate of Service will be disregarded.

9  **IT IS SO ORDERED.**

11  DATED: August 19, 2011

                                  Hon. Roger T. Benitez
                                  United States District Judge