# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARLON E. SIGUENZA, | CASE NO. 11cv1241-BEN (MDD) |
|---|---|
| Plaintiff, | REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS |
| vs. | |
| MINERVA COTERO, et al., | [Doc. No. 18] |
| Defendants. | |

This Report and Recommendation is submitted to United States District Judge Roger T. Benitez pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.3 of the United States District Court for the Southern District of California.

## I.  PROCEDURAL HISTORY

On June 6, 2011, Plaintiff Marlon E. Siguenza ("Plaintiff") filed a civil rights lawsuit under 42 U.S.C. § 1983 against Defendants M. Cotero and R. Variz. (Doc. No. 1). On November 3, 2011, Plaintiff filed a First Amended Complaint ("FAC"), naming Cherly K. Pliler and George Guirbino as additional Defendants. (Doc. No. 14). On November 22, 2011, Defendants Cotero and Variz filed the instant Motion to Dismiss. (Doc. No. 18). Plaintiff filed a Opposition to Defendants' Motion on January 10, 2012. (Doc. No. 28). Defendants filed a Reply on January 12, 2012. (Doc. No. 32). On January 12, 2012, Defendants Pliler and Georbino filed a Notice of Joinder

as to Defendants' Motion to Dismiss. (Doc. No. 33).

## II.  STATEMENT OF FACTS

The facts are taken from Plaintiff's First Amended Complaint and are not to be construed as findings of fact by the Court.

Plaintiff is a prisoner housed at Centinela State Prison. On May 11, 2011, Plaintiff visited the prison law library and attempted to print ten copies of a 91 page document in support of his petition to the California Supreme Court for a Writ of Habeas Corpus. (FAC at 4). Plaintiff filled out a request to print the materials, but was informed by the clerk that M. Cotero, the prison official in charge of approving copies, had denied his request. *Id.* Plaintiff spoke with Cotero and reiterated his request, but Cotero informed Plaintiff that, according to prison regulations, she would not approve any request over 50 pages, and would not approve a request for more than three copies. *Id.*

Plaintiff explained to Cotero that he had served as the law library clerk at Calipatria State prison where inmates were allowed to copy 100 page documents and make as many copies as were required so long as the inmate explained they were necessary. *Id.* Plaintiff also asserted that Cotero's refusal was contrary to DOM § 101120.15, which provides that a court order is only required for the copying of documents over 100 pages, but Cotero continued to deny his request. *Id.*

Plaintiff reduced his document to 24 pages and again asked Cotero to print his document. (FAC at 5). Three copies were printed and Plaintiff mailed them to the California Supreme Court. *Id.*

## III.  LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the [...] claim is and the

grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citations omitted). Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell v. Twombly*, 550 U.S. 544, 555-56 (2007). Thus, while specific detail is not required, every complaint must, at a minimum, plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547; *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1066 (9th Cir. 2008). The federal rules require more than a mere "unadorned 'the defendant unlawfully harmed me accusation'" or a pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

The court must assume the truth of the facts which are presented and construe all inferences from them in the light most favorable to the non-moving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A *pro se* party's pleadings should be construed liberally. *Id.* However, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell*, 127 550 U.S. at 555. Thus, the court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (internal citation omitted). Furthermore, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

**IV.   DISCUSSION**

Plaintiff's FAC contains a single claim, alleging that Defendants Cotero, Variz, Pliler, and Georbino violated his right to access the courts. (FAC at 3). In their Motion, Defendants move to dismiss Plaintiff's claim for three reasons. First,

Defendants contend that Plaintiff's claim is barred because he failed to exhaust his administrative remedies before filing suit. (Doc. No. 18 at 7). Second, Defendants contend that even if Plaintiff's claim were not barred, he has failed to state a valid claim. *Id.* Finally, Defendants assert that even if Plaintiff's claim were valid, it should still be dismissed because the Defendants are protected by qualified immunity. The Court addresses each of these points in turn.

**A. Failure to Exhaust**

In their Motion, Defendants contend that Plaintiff's FAC should be dismissed because Plaintiff himself concedes that he has not exhausted his administrative remedies. (Doc. No. 18 at 4). Defendants note that Plaintiff's Complaint was filed on June 6, 2011, but that, according to Plaintiff's own FAC, Plaintiff did not exhaust his administrative remedies until October 10, 2011. *Id.*

The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss, including a non-enumerated motion under Fed.R.Civ.P. 12(b). *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (finding a non-enumerated motion under Rule 12(b) to be the "proper pretrial motion for establishing nonexhaustion" of administrative remedies under 42 U.S.C. § 1997e(a);[1] *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988). *Wyatt* also holds that non-exhaustion of administrative remedies as set forth in 42 U.S.C. § 1997e(a) is an affirmative defense which defendant prison officials have the burden of raising and proving. *Wyatt*, 315 F.3d at 1119. However, unlike Rule 12(b)(6), "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120 (citing *Ritza*, 837 F.2d at 369).

---

[1] In so finding, the Ninth Circuit made clear that unlike a motion for summary judgment, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Wyatt*, 315 F.3d at 1119 (citation omitted). Thus, if the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* (citing *Ritza*, 837 F.2d at 368 & n.3).

- 4 -

1    The Prison Litigation and Reform Act ("PLRA") amended 42 U.S.C. § 1997e to
2 provide that "no action shall be brought with respect to prison conditions under [42
3 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison or
4 other correctional facility until such administrative remedies as are available are
5 exhausted." 42 U.S.C. 1997e(a).  Exhaustion is mandatory and not left to the
6 discretion of the district court. *Woodford v Ngo*, 548 U.S. 81, 85 (2006).   Exhaustion
7 is required prior to the filing of any prisoner lawsuit concerning prison life, whether
8 the claims involve general conditions or specific incidents and whether they allege
9 excessive force or some other wrong.  "Even when the prisoner seeks relief not
10 available in grievance proceedings, notably money damages, exhaustion is a
11 prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  A claim is not
12 "exhausted" simply because administrative remedies are no longer obtainable.
13 *Woodford v. Ngo*, 548 U.S. at 88.

14    According to Plaintiff's FAC, after Plaintiff's request to copy his documents was
15 refused, he filed a grievance in an attempt to correct the situation.  (FAC at 8).  On
16 May 17, 2011, Plaintiff filed an inmate appeal with log number CEN-A-11-00447.
17 That appeal was denied at the third and final level on October 10, 2011. *Id.*  Plaintiff
18 provides a copy of that decision with his FAC. (*See* FAC, Ex. A).  Accordingly,
19 Defendants are correct that Plaintiff failed to exhaust his administrative remedies
20 before he filed suit.

21    In his Opposition, Plaintiff counters that he properly exhausted his
22 administrative remedies before he filed his FAC on November 3, 2011.  (Opp. at 5-6).
23 Plaintiff acknowledges that his Complaint was filed before he exhausted, but
24 contends that because the FAC supersedes the original Complaint, and his
25 administrative remedies were exhausted before the FAC was filed, his claim should
26 not be dismissed.  Plaintiff cites *Rhodes v.Robinson*, 621 F.3d 1002, 1007 (9th Cir.
27 2010) in support of the proposition that dismissal is improper where the plaintiff has
28 exhausted remedies prior to amending his complaint.  (Opp. at 6).  In their Reply,

- 5 -

1  Defendants assert that Plaintiff cannot exhaust his administrative remedies during
2  the course of litigation, thus amendment cannot cure Plaintiff's failure to exhaust
3  before filing his original Complaint. (Reply at 2).
4      In *McKinney v. Carey*, 311 F.3d 1198, 1198-2001 (9th Cir. 2002), the Ninth
5  Circuit held that a court must dismiss a claim brought under § 1983 when the
6  plaintiff has not exhausted his administrative remedies prior to filing suit, even when
7  he is the process of doing so. The fact that the plaintiff in *McKinney* could exhaust
8  his claims before the court ruled on their merits did not rescue the plaintiff's claims,
9  as § 1997e(a) requires exhaustion before a claim is brought, not before judgment is
10 reached. *Id.* at 1200. The *McKinney* Court further recognized that "[w]hile it is true
11 that requiring dismissal may, in some circumstances, occasion the expenditure of
12 additional resources on the part of the parties and the court, it seems apparent that
13 Congress has made a policy judgment that this concern is outweighed by the
14 advantages of requiring exhaustion prior to the filing of suit." *Id.*
15      In *Rhodes*, however, the court found dismissal improper where the plaintiff
16 filed an amended complaint containing claims that would have been unexhausted in
17 the original complaint, but which had become exhausted prior to the plaintiff's filing
18 of the amended complaint. The Court emphasized that plaintiff's original complaint
19 contained no unexhausted claims, and the claims in his amended complaint were not
20 even discovered by the plaintiff until well after the filing of the original complaint.
21 *Rhodes*, 621 F.3d 1007. The *Rhodes* court permitted the new claims, reasoning that it
22 was impossible for plaintiff to have exhausted claims he was unaware of, and
23 recognized that plaintiff had never brought a claim before the court until it had
24 become exhausted. *Id.*
25      Unlike the plaintiff in *Rhodes*, Plaintiff's amended complaint does not allege
26 new, properly exhausted claims. Rather, Plaintiff's FAC contains the same claim
27 presented in his original Complaint, with the addition of two new defendants.
28 Plaintiff thus falls under the general rule that a plaintiff may "initiate litigation in

- 6 -

1 federal court only after the administrative process ends and leaves his grievances
2 unredressed." *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006).

3       The Court finds that Plaintiff cannot rescue his unexhausted claim through
4 amendment. Though *McKinney* did not deal with this exact situation, it explicitly
5 rejected the argument that a plaintiff can cure unexhausted claims while the action
6 is pending. As Plaintiff's Complaint was improper, no subsequent action can cure
7 that defect other than dismissal by the Court and re-filing by the Plaintiff.
8 *McKinney*, 311 F.3d at 2001; *see also Parmer v. Alvarez*, 2010 WL 4117266 (S.D. Cal.
9 2010) (dismissing claim without leave to amend, finding that leave to amend is futile
10 where plaintiff's original complaint was not properly exhausted). To hold that
11 amendment can rescue unexhausted claims would render *McKinney* and *Rhodes*
12 irrelevant. While it may be inefficient to dismiss Plaintiff's claims now that they are
13 exhausted, § 1997e(a) instructs that the Court must do so. The clear language of §
14 1997e(a) makes efficiency considerations irrelevant. Accordingly, the Court
15 **RECOMMENDS** that Defendants' Motion be **GRANTED** and Plaintiff's FAC
16 **DISMISSED** without prejudice and without leave to amend.

17       **B.**    **Failure to State a Claim**

18       Defendants also ask the Court to evaluate Plaintiff's claims on the merits and
19 dismiss with prejudice. (Doc. No. 18). In some circumstances, a district court may
20 proceed to the merits of a claim despite a procedural fault. For example, 28 U.S.C. §
21 2254(b)(2) permits a court reviewing a petition for a writ of habeas corpus to render a
22 decision on the merits "notwithstanding the failure of the applicant to exhaust
23 remedies available in the courts of the State." Section 1997e(a), however, does not
24 provide the court with this option. Rather, dismissal under § 1997e(a) is mandatory.
25 *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The absence of a provision in § 1997e(a)
26 mirroring § 2254(b)(2) suggests that a decision on the merits is inappropriate in §
27 1983 cases where the plaintiff has failed to exhaust. Nevertheless, in the interest of
28 providing a full and complete recommendation, the Court will proceed to address

Plaintiff's claim on the merits.

Defendants move to dismiss Plaintiff's claim on the grounds that Plaintiff has failed to allege actual injury or that he was actually impeded from filing his Motion to Amend.

"Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts." *Phillips v. Hust*, 477 F.3d 1070, 1075 (9th Cir.2007) (overruled on other grounds) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Access to the courts means that a prisoner has the opportunity to prepare, serve, and file court documents in cases affecting his liberty. *Phillips*, 477 F.3d at 1075-76 (quoting *Lewis*, 518 U.S. at 384).

In *Christopher v. Harbury*, 536 U.S. 403 (2002), the Supreme Court distinguished between two types of claims for denial of access to the courts. The first type is a forward-looking denial of access claim that may arise from the frustration or hindrance of "a litigating opportunity yet to be gained." *Id.* at 2185-87. The second type is a backward-looking denial of access claim that may arise from the loss of a meritorious suit that cannot now be tried and has been forever lost because of the interference of government officials. *Id.* at 2186-87. Further, *Harbury* reiterated the ruling in *Lewis:* in order to state a claim for interference with the right of access to the courts, a plaintiff must establish actual injury to a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement. *Lewis*, 581 U.S. at 355.

Here, Plaintiff claims that his right to access the court was violated when Defendant Cotero refused to allow him to make ten copies of his 91 page Motion to Amend Exhibits which Plaintiff wished to file in support of his state court application

1  to the California Supreme Court for a writ of habeas corpus. (FAC at 1).

2      Plaintiff has failed to plead with specificity that he suffered an actual injury.
3  As an initial matter, Plaintiff did not suffer harm by being limited to three copies.
4  Plaintiff must show that he suffered actual injury "such as the inability to meet a
5  filing deadline or to present a claim." *Lewis*, 518 U.S. at 359. Defendants note that
6  Plaintiff's documents were accepted by the California Supreme Court.[2] Thus,
7  Plaintiff cannot show that his failure to make ten copies, despite the California
8  Supreme Court's previous order that he do so, prejudiced his underlying claim in any
9  way.

10     As to Plaintiff's claim that he was not allowed to copy the full number of pages,
11 his claim also fails. Plaintiff is correct that, in some cases, being forced to omit
12 arguments or claims can support a claim for denial of access to the courts. *Lewis*, 518
13 U.S. at 359; *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1999); *Keenan v. Hall,* 83
14 F.3d 1083, 1094 (9th Cir. 1996). Here, while Plaintiff states that he was forced to
15 reduce the size of his motion to amend his exhibits, he does not state that he was
16 forced to abandon any arguments or other substantive points in support of his
17 motion. *See FAC*. The California Supreme Court summarily denied Plaintiff's
18 petition, likewise giving no indication that the denial was due to Plaintiff's
19 abbreviated motion to amend. (Doc. No. 19, Ex. 2). Plaintiff's conclusory assertion
20 that a reduction in the size of his filing inflicted actual injury and prejudiced his
21 underlying habeas petition is insufficient to support his current claim. *Iqbal*, 556
22 U.S. at 678  While the Court must construe Plaintiff's complaint liberally, it cannot
23 supply missing elements from Plaintiff's claim that were not initially pled. *Ivey,* 673
24 F.2d at 268.

25     As Plaintiff has failed to plead with specificity that the reduction in size of his

---

27  [2]Defendants have provided a copy of the Docket Report for Plaintiff's California Supreme
Court case, No. S191248. The Court takes judicial notice of the Docket Report, specifically the entry
28  dated May 16, 2011, which states that Plaintiff's motion to amend his habeas corpus exhibits was
received. (Doc. No. 19-1, Decl. of Sylvie P. Snyder in Support of Request for Judicial Notice, Ex. B).

- 9 -

1  motion prejudiced his underlying habeas claim, the Court **RECOMMENDS** that,
2  should the district court reach the merits of Plaintiff's claim, Defendants' Motion to
3  Dismiss be **GRANTED** and Plaintiff's claim **DISMISSED** without prejudice. The
4  Court declines, however, to dismiss with prejudice. Dismissal with prejudice is only
5  appropriate when it is clear that the complaint could not be saved by amendment.
6  *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### C. Qualified Immunity

Qualified immunity protects "government officials... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity does not protect a defendant when: (1) the defendant's action violated a federal constitutional right; and (2) the right was clearly established at the time of the conduct at issue. *LSO, Lt. V. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000). A qualified immunity defense is generally not amenable to a motion under Rule 12(b)(6) because facts necessary to establish an affirmative defense generally must be shown by matters outside the complaint. *See Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (holding that, in light of court's duty to accept allegations in the complaint as true, a finding of qualified immunity in a motion to dismiss is inappropriate). While a ruling on immunity "should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive[,]" (*Saucier v. Katz*, 533 U.S. 194, 199 (2001)), the court is usually "not equipped at this stage to determine whether qualified immunity will ultimately protect [the defendant]. Those issues must be resolved at summary judgment or at trial." *Id.*; *see also Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001).

In some cases, qualified immunity can be determined in a motion under Rule 12(b)(6). In *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010), the Ninth Circuit emphasized that qualified immunity is "a right not merely to avoid standing trial, but

1 also to avoid the burdens of such pretrial matters as discovery." (internal citations
2 omitted). Therefore, when the record is clear that the official had a reasonable belief
3 that his conduct was lawful, a court may properly dismiss a claim on the basis of
4 qualified immunity. *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir.
5 1993).
6     Here, because no constitutional violation has occurred, the Court need not
7 address whether Defendants are protected by qualified immunity. If, however,
8 Plaintiff were able to show a constitutional violation, Defendants would not be
9 protected by qualified immunity at this stage as it is not clear from the face of
10 Plaintiff's FAC that Defendants' held a reasonable belief that their actions were
11 constitutional. *Id.*

12 **V.  CONCLUSION**
13     For the reasons set forth herein, it is **RECOMMENDED** that:
14     1) Defendants' Motion to Dismiss on the basis of Plaintiff's failure to exhaust
15 his administrative remedies be **GRANTED** and Plaintiff's FAC **DISMISSED**
16 without prejudice and without leave to amend.
17     2) If Plaintiff's claim is not dismissed for failure to exhaust, Plaintiff's claim be
18 **DISMISSED** without prejudice for failure to state a claim.
19     It is further **ORDERED** that:
20     This report and recommendation will be submitted to the United States
21 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. §
22 636(b)(1) (1988). Any party may filed written objections with the court and serve a
23 copy on all parties by **June 27, 2012**. The document shall be captioned "Objections to
24 Report and Recommendation." Any reply to the objections shall be served and filed
25 by **July 11, 2012**.
26 / / /
27 / / /
28 / / /

1 The parties are advised that failure to file objections within the specified time
2 may waive the right to raise those objections on appeal of the Court's order. *Martinez*
3 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4     **IT IS SO ORDERED**.
5 DATED: June 6, 2012

                                                       Hon. Mitchell D. Dembin
                                                       U.S. Magistrate Judge