**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARLON E. SIGUENZA,<br><br>    vs.                    Plaintiff,<br><br>MINERVA COTERO, et al.,<br><br>                    Defendants. | CASE NO. 11cv1241 BEN (MDD)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>[Docket Nos. 18, 35] |

**INTRODUCTION**

    Plaintiff Marlon E. Siguenza, a state prisoner proceeding pro se brought this action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his right to access the courts by limiting him to three copies of 50 pages when he wanted ten copies of a 91-page document to file his Petition for Writ of Habeas Corpus with the California Supreme Court.

    Defendants have moved to dismiss. (Docket. No. 18.) Defendants seek dismissal based on Plaintiff's failure to exhaust administrative remedies, failure to state a claim, and qualified immunity. (*Id.*) Plaintiff opposed the motion. (Docket. Nos. 24, 28.) On June 6, 2012, the Honorable Magistrate Judge Mitchell D. Dembin issued a Report and Recommendation, recommending that the Court grant Defendants' motion to dismiss and dismiss Plaintiff's First Amended Complaint ("FAC") without prejudice and without leave to amend. (Docket. No. 35.) On June 28, 2012, Plaintiff filed his Objections. (Dockt. No. 36.) Defendants have filed a Reply to those Objections. (Docket. No. 37.) Having conducted a de novo review, the Court

**ADOPTS** in its entirety the well-reasoned Report and Recommendation of the Magistrate Judge over Plaintiff's Objections. Defendants' motion to dismiss is **GRANTED** and Plaintiff's FAC is **DISMISSED** without prejudice and without leave to amend.

## DISCUSSION

The Report and Recommendation recommends granting Defendants' Motion to Dismiss because Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint. The undersigned agrees.

Plaintiff did not exhaust his administrative remedies prior to filing this action. After the action was filed, he exhausted his administrative remedies and then filed his FAC. The Complaint and FAC are both based on Plaintiff's allegations that he was limited to three copies of 50 pages when he requested ten copies of a 91-page document.

Plaintiff concedes that he did not exhaust his administrative remedies on the claim in his Complaint and FAC prior to filing suit. But, Plaintiff argues that dismissal is not required because he exhausted his administrative remedies between filing suit and filing his FAC. This argument might have merit if exhaustion were only required before judgment was entered, but § 1997e specifically mandates that "*no action shall be brought* with respect to prison conditions . . . until such administrative remedies as are available are exhausted." *Id.* at 1200 (quoting *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 534-35 (7th Cir. 1999)). Exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

When a prisoner fails to exhaust his administrative remedies before bringing the action, the action must be dismissed without prejudice even if the plaintiff subsequently exhausts his administrative remedies. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("Because [Plaintiff] did not exhaust his administrative remedies prior to sending his complaint to the district court, the district court must dismiss his suit without prejudice."). District courts "must dismiss an action involving prison conditions when the plaintiff [does] not exhaust his administrative remedies *prior to filing suit*" even if the prisoner is in the process of exhausting. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (emphasis added) (joining eight other

appellate courts in finding dismissal required under § 1997e(a)). "[E]xhaustion prior to the commencement of the action" is "an indispensable requirement" under § 1997e and "[e]xhaustion subsequent to the filing of suit will not suffice." *Id.* (quoting *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002) (collecting cases)).

Section 1997e was enacted to "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case" which provides the prison a full opportunity to resolve the issue and potentially eliminates the need for litigation. *Id.* (quoting *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)). Dismissal for failing to exhaust prior to filing suit furthers this objection. *Id.* at 1200-01. Allowing exhaustion while the case is pending undermines this objective and violates § 1997e because a plaintiff could initiate litigation without exhausting, *i.e.*, bring the action before exhausting, and file an amended complaint after exhausting. *Id.* at 1201; *see also Jones v. Felker*, No. CIV S-08-0096, 2011 WL 533755, at *5 (E.D. Cal. Feb. 11, 2011) ("[A]llowing a prisoner to file unexhausted claims, then exhaust, then file an amended complaint regarding the same, old claims contained in the original complaint would create an end-run around the rule of *McKinney* and *Vaden*.").

*Rhodes v. Robinson,* 621 F.3d 1002 (9th Cir. 2010), does not apply. . *Rhodes* only found that an amended complaint filed pursuant to Federal Rule of Civil Procedure 15(d) based on events "that occurred *after* the filing of the original complaint" that have been newly exhausted could proceed. *Id.* at 1007 (emphasis in original). The events alleged in Plaintiff's FAC did not occur after he filed the initial Complaint. Plaintiff's FAC asserts the same claim and is based on the same events alleged in his initial Complaint, events occurring *before* he filed his initial Complaint and a claim he failed to exhaust before filing suit.

Because Plaintiff failed to exhaust his administrative remedies before filing suit on the claim asserted in both his initial Complaint and his FAC, Plaintiff's claim must be dismissed without prejudice. *McKinney*, 311 F.3d at 1200-01. While this may seem inefficient, it is required by § 1997e. *Id.* at 1200.

///

Additionally, the Court agrees with the Report and Recommendation that leave to amend should not be granted. While leave to amend should be freely given, it should be denied when amendment would be futile. *Carrico v. City & Cnty. of S.F.*, 656 F.3d at 1002, 1008 (9th Cir. 2011). As previously discussed, Plaintiff cannot correct his failure to exhaust by filing an amended complaint. Accordingly, Plaintiff's FAC is **DISMISSED without prejudice and without leave to amend**.

**CONCLUSION**

The Court **ADOPTS** the Report and Recommendation in its entirety over Plaintiff's Objections and **GRANTS** Defendants' motion to dismiss. Plaintiff's FAC is **DISMISSED** without prejudice without leave to amend.

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: July 27, 2012

_____
Hon. Roger T. Benitez
United States District Judge